IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC,<br>its assignees and/or successors,<br><br>    Plaintiff,<br><br>    v.<br><br>APOLONIO MONTALVO-LEON, et al.,<br><br>    Defendants. | 1:09-CV-1346  AWI DLB<br><br>ORDER REMANDING<br>ACTION TO THE MADERA<br>COUNTY SUPERIOR COURT |

    Defendant Apolonio Montalvo-Leon ("Leon") removed this case from the Superior Court of Madera County on July 31, 2009. See Court's Docket Doc. No. 1. Defendant asserts that the basis for removal is the presence of a federal question and diversity.

    The federal removal statute permits the removal from state court to federal court of cases that might have been filed in federal court originally. See 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988); see California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). If there is any doubt as to the right of removal in the first instance, "federal jurisdiction must be rejected."

Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus v. Miles, Inc., 980 F. 2d 564, 566 (9th Cir. 1992). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). "Thus, the court can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995). In other words, a district court may remand a removed case *sua sponte* if it determines that it lacks subject matter jurisdiction over the case. See Parker v. Ho Sports Co., 2005 U.S. Dist. LEXIS 37289 at *1 (E.D. Cal. 2005); Knutson v. Allis-Chalmers Corp., 358 F. Supp. 2d 983, 990 (D. Nev. 2005); Tortola Restaurants, L.P. v. Kimberly-Clark Corp., 987 F. Supp. 1186, 1188 (N.D. Cal. 1997); cf. Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192-93 (9th Cir. 2003) (holding that a court may not *sua sponte* remand for procedural defects in removal but noting a distinction between procedural and jurisdictional defects and that a "district court must remand if it lacks jurisdiction").

Here, Leon has not shown that removal was appropriate. With respect to the presence of a federal question, Leon relies on a pleading that he apparently filed in the Madera County Superior Court (there is no file stamp on the document). The pleading appears to be a form of an answer and contains a counterclaim. The complaint filed by Nationstar, however, is an unlawful detainer action that is based entirely on state law. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000); see Dynegy, 375 F.3d at 838; Duncan, 76 F.3d at 1485. Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." California, 215 F.3d at 1014. Accordingly, "a case may not be

removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002). Further, removal cannot be based on a defendant's counterclaim, even if the counterclaim is mandatory. Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (U.S. 2009); Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830, 832 (2002). Because Nationstar's complaint rests entirely on state law, and because Leon's responsive state court pleadings cannot form the basis for federal question jurisdiction, see Vaden, 129 S.Ct. at 1272, there is no federal question jurisdiction.

With respect to diversity jurisdiction, Nationstar's complaint states that the "Amount demanded does not exceed $10,000." See Court's Docket Doc. No. 1 at Exhibit A. Where it is "not facially evident from the complaint that more than $ 75,000 is in controversy," Leon was required to prove, "by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). There is no proof submitted that the $75,000 threshold is met other than a statement that Leon believes that the amount exceeds $75,000. This assertion does not meet Leon's burden. Id. Further, Leon does not identify his citizenship, but merely states that he resides in California. However, residence and citizenship are different things, see Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001), and allegations of residence are not sufficient allegations of citizenship for diversity jurisdiction. See Snell v. Cleveland, Inc., 316 F.3d 822, 824 (9th Cir. 2002). Further, there is no indication of Nationstar's citizenship. See Snell, 316 F.3d at 824. Leon has failed to establish either the amount in controversy or complete diversity. He has not met his burden of showing the existence of diversity jurisdiction.

Because Leon has not met his burden of adequately showing the existence of either federal question or diversity jurisdiction, it appears to the Court that it lacks subject matter jurisdiction. As such, the Court must remand this case to the Madera Superior Court. See 28 U.S.C. § 1447(c); Kelton Arms, 346 F.3d at 1192-93; Page, 45 F.3d at 133.

1  Accordingly, IT IS HEREBY ORDERED that, as per 28 U.S.C. § 1447(c) due to this
2  Court's lack of subject matter jurisdiction, this case is REMANDED forthwith to the Superior
3  Court of Madera County.

5  IT IS SO ORDERED.

6  **Dated:   August 7, 2009**              **/s/ Anthony W. Ishii**
                  CHIEF UNITED STATES DISTRICT JUDGE